. WEBB *v.* ALMA CASH STORE.

Opinion delivered October 8, 1923.

1. BILLS AND NOTES—ASSIGNMENT—BURDEN OF PROOF.—Under Crawford & Moses' Digest, § 479, an assignee of a negotiable note is not required to prove the assignment "unless the defendant shall annex to his answer an affidavit denying such assignment, and alleging that he verily believes that one or more of the assignments on such instrument was forged."

2. BILLS AND NOTES—ASSIGNMENT—RIGHT TO QUESTION.—Where the proof showed that a promissory note payable to a bank was assigned in due form by the cashier of the bank, and the bank did not complain of any lack of authority on the part of its cashier to make such assignment, the makers of the note are in no attitude to question such authority.

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A finding of the chancellor not against the preponderance of the testimony will be sustained by the Supreme Court on appeal.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

. *J. E. London* and *E. D. Chastain,* for appellant.

While fraud will not be presumed, it may be proved by circumstances. 119 Ark. 578; 46 Am. St. Rep. 753; 57 Am. St. Rep. 591; 31 Am. St. Rep. 122; 12 Am. St. Rep. 29. Section 7404, C. & M. Digest, was not complied with. A sale under a mortgage without complying with the statute, is void. 84 Ark. 298; 79 Ark. 1; 219 S. W. 16. The collusion between Alexander and Petree rendered the transaction void. 128 Ark. 605; 97 Ark. 15; 99 Ark. 438; 81 Ark. 134; 100 Ark. 144.

*Starbird & Starbird,* for appellee.

Where the evidence is conflicting, the chancellor's finding will not be disturbed. 112 Ark. 337; 101 Ark. 493; 81 Ark. 68. His findings are as conclusive as the verdict of a jury. 74 Ark. 336; 85 Ark. 414; 91 Ark. 292; 107 Ark. 368.

MCCULLOCH, C. J. Appellee, a domestic corporation doing business at the town of Alma, in Crawford County, instituted this action in the chancery court of that county against appellants, Henry Webb, Arthur Webb and Wal-

lace Webb, to recover on a note executed by appellants to appellee in the sum of $898, dated April 4, 1921, and to foreclose a mortgage on personal property, executed by appellants to appellee on the same date to secure the payment of said note; also to recover from appellant Henry Webb on a note in the sum of $110.26 and a mortgage on the same personalty to secure the same, executed by Henry Webb to the Bank of Alma, a banking corporation, and assigned by the Bank of Alma to appellee.

Appellants answered, denying that they executed the note to appellee, or the mortgage securing the same, as alleged in the complaint, and denying that they were indebted to appellee in any sum whatever.

Appellant Henry Webb admitted the execution of the note and mortgage to the Bank of Alma, but denied that the same had been assigned to appellee, and also alleged that the note had been paid.

The cause was heard on the pleadings and the testimony of witnesses, and the court found in favor of appellee as to the execution of the note and mortgage and the assignment of one of the notes to appellee, and referred the cause to a master to state an account between the parties, after giving credit for certain bales of cotton delivered by appellants to appellee. The master made a report stating the account, after hearing further testimony on the subject, and the court overruled exceptions, and rendered a final decree in favor of appellee for the amount found due, and ordered a sale of the mortgaged property by the receiver appointed in the cause.

On the first question raised, concerning the validity of the alleged assignment of one of the notes by the Bank of Alma, it is sufficient to say that appellant has not complied with the statute (Crawford & Moses' Digest, § 479), which provides that, in a suit brought by an assignee of an instrument made assignable by law, the plaintiff "shall not be required to prove said assignment, unless the defendant shall annex to his answer an affidavit denying such assignment, and alleging that he verily be-

lieves that one or more of the assignments on such instrument was forged.'' In addition to the failure to comply with this statute so as to require proof of the validity of the assignment, it was proved in the present case that the instruments which were filed in the action bearing the assignment of the Bank of Alma in due form were assigned to appellee by the cashier of the bank for a valuable consideration, being the face value of the debt less fifteen per cent. discount, and that the cashier accounted to the bank for the loss sustained on the discount. The bank did not complain of any lack of authority on the part of its cashier to make the assignment, and appellants are in no attitude to raise that question.

A decision of the case in other respects turns solely upon the question of the weight of the evidence, which is conflicting between the appellants themselves, on the one side, and the manager of appellee's business, the cashier of the Bank of Alma, and several employees of appellee, on the other side. Each of the appellants testified that they did not sign the note or the mortgage alleged to have been executed to appellee on April 4, 1921, but the manager of appellee's business, and the cashier of the Bank of Alma, who was a notary public and took the acknowledgments, testified that the mortgage was in fact executed and acknowledged. The testimony does not appear to preponderate against the finding of the chancellor—in fact, the preponderance of the evidence on the issues involved supports the finding of the chancellor. The same may be said with respect to the issue as to the amount of the balance due on the note.

The decree is therefore affirmed.